**Carl Ray SMITH, Jr., Petitioner–Appellant,**

v.

**Tom L. CAREY, Warden, Respondent–Appellee.**

No. 05–15355.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007 *.

Filed March 20, 2007.

Victor S. Haltom, Esq., Sacramento, CA, for Petitioner–Appellant.

Ward A. Campbell, Esq., Jean M. Marinovich, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: SCHROEDER, Chief Circuit Judge, NOONAN, Circuit Judge, and SCHIAVELLI **, District Judge.

MEMORANDUM ***

Appellant Carl Ray Smith is currently serving a life sentence for a robbery conviction constituting his third "strike" under California sentencing law. In his habeas petition, he challenges that conviction, claiming that he was denied the effective assistance of counsel at both the guilt and penalty phases. The Magistrate Judge, in a report adopted by the District Court, found that there was no ineffective assistance of counsel because of the lack of prejudice resulting from any of the claimed instances of his attorney's deficient conduct. Smith alternatively argued that counsel engaged in a pattern and practice of misconduct sufficient to establish a presumption of prejudice. The district court found that even assuming the truth of Smith's allegations, the lack of resulting prejudice would prevent the granting of any relief. Under the applicable Supreme Court standards, no presumption arises unless the failure of counsel is complete. *See Bell v. Cone*, 535 U.S.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable George P. Schiavelli, U.S. District Judge for the Central District of California, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

685, 697, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). Accordingly, the district court denied both claims, and saw no need for an evidentiary hearing.

In this appeal, Smith essentially argues that the district court erred in assuming the existence of misconduct without holding an evidentiary hearing. However, a hearing would have been required only if he alleged facts which, if proven, would entitle him to relief. *Turner v. Calderon,* 281 F.3d 851, 890–91 (9th Cir.2002). Both the state court and the district court held that he did not allege facts that would entitle him to relief because there could have been no prejudice resulting from the alleged misconduct.

The state court's decision was thus not "contrary to" or an "unreasonable application" of clearly established federal law needed to warrant habeas relief. *See Strickland v. Washington,* 466 U.S. 668, 697, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.